IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL NYEMAH BROWN, JR. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| OFFICER BLAINE LEIS, UPPER MERION TOWNSHIP POLICE | : | NO.  19-4696 |

**MEMORANDUM**

**Padova, J.**                                                                                                                                           **May 12, 2020**

Pro se Plaintiff Daniel Nyemah Brown, Jr. brings this civil rights action pursuant to 42 U.S.C. § 1983 ("Section 1983") against Defendants Officer Blaine Leis and the Upper Merion Township Police."[1] Plaintiff claims that Defendants violated his Fourth Amendment right to be free from unreasonable seizure by initiating criminal charges against him without probable cause. Before the Court is Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), to which Plaintiff has filed no response. For the reasons that follow, we grant the Motion.

**I.      BACKGROUND**

The Complaint alleges that on Wednesday, August 10, 2017 at 6:35 a.m., eight sheriff's officers from Montgomery County, Pennsylvania arrived at Plaintiff's home to arrest him on a warrant. (Compl. ¶ 5.) Plaintiff identified himself to the officers and was compliant. (Id. at 6.) Plaintiff also asked the sheriff's officers to see the warrant for his arrest, but his request was denied.

---

[1] The caption of the Complaint refers to "Officer Blaine Leis, Upper Merion Township Police" as the "Defendant." The body of the Complaint lists two defendants, Officer Leis and Upper Merion Township, and does not identify the Upper Merion Township Police as a separate defendant. (Compl. ¶¶ 2-3.) The Motion to Dismiss is filed on behalf of Officer Leis and the Upper Merion Township Police, and Plaintiff has not responded to the Motion to dispute that these are the two defendants against whom he intended to bring his claims. Under these circumstances, we consider Officer Leis and the Upper Merion Township Police to be the named Defendants.

(Id.)  He tried to explain to them that they had made a mistake and that "he had exculpatory information from the Pennsylvania State Police."  (Id. ¶ 7.)  The officers, however, ignored him.  (Id.)  Thereafter, the sheriff's officers arrested Plaintiff, "dragged him out of his house without shoes," and placed him in the back of an officer's vehicle.  (Id. ¶¶ 8, 10.)  Plaintiff was driven around Philadelphia and the surrounding cities for five hours as the officers executed other warrants.  (Id. ¶ 10.)  Eventually, the sheriff's officers put Plaintiff in a holding cell where he remained for an additional four hours until he was brought before a judge at the Montgomery County Courthouse in Pennsylvania.  (Id. ¶ 12.)  The judge asked Plaintiff "'why he didn't show up to court?,'" to which Plaintiff replied, "'[b]ecause I have never been arrested.'"  (Id. ¶ 13.)  Ultimately, the court set Plaintiff's bail at $1,000.00 and released him from custody.  (Id. ¶ 14.)  Three weeks later, Plaintiff's case was dropped.  (Id.)

The Complaint alleges that Plaintiff's arrest was a result of a prior incident in which Officer Blaine Leis arrested "an individual who impersonated [Plaintiff]." (Id. ¶ 15.)  The Complaint avers that Plaintiff was erroneously arrested because "Officer Leis failed to perform his duties as a law enforcement officer, by failing to identify a suspect he arrested" (id. ¶ a), and that due to Officer Leis's "carelessness," Plaintiff "suffered serious personal injuries," and "had to relocate his family to New Jersey and find new employment because of the embarrassment from his wrongful arrest" (id. ¶¶ 17-18).

The Complaint does not precisely assert the causes of action that Plaintiff wishes to bring. However, based on a liberal construction of the Complaint's factual allegations and Prayer for Relief, we conclude that Plaintiff is seeking to assert Section 1983 claims against Defendants for false arrest, false imprisonment, and malicious prosecution, grounded in the Fourth Amendment

guarantee against unreasonable seizures.[2]  (See id. ¶¶ a, 12, 15-16; id. at 4-5.)  The Complaint requests the following relief:  (1) "a declaratory judgment that the Defendants violated Plaintiff[']s Fourth Amendment right to be free from unreasonable seizure and malicious prosecution" (id. at 4); (2) "compensatory damages against all Defendants, joint[ly] and severally, in an amount to be determined at trial" (id.); and (3) "punitive damages against Defendant Blaine Leis" (id. at 5).

## II.   LEGAL STANDARD

When deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court "consider[s] only the complaint, exhibits attached to the complaint, [and] matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).  The Court takes the factual allegations of the complaint as true and "'construe[s] the complaint in the light most favorable to the plaintiff.'"  DelRio-Mocci v. Connolly Props., Inc., 672 F.3d 241, 245 (3d Cir. 2012) (quoting

---

[2] Defendants interpret the Complaint as also asserting claims under 18 U.S.C. § 242 ("Section 242"), because the civil cover sheet for the Complaint states that the statutory basis for Plaintiff's cause of action is "title 18 U.S.C., Section 242 Deprivation of rights under color of law." However, nothing in the Complaint itself indicates that Plaintiff meant to bring his claims under this statute.  Therefore, we will not construe the Complaint as bringing claims under Section 242. Moreover, as Defendants note in their Motion to Dismiss, any claim under Section 242 would presumably be futile because Section 242 is a "civil rights-related criminal conspiracy statute[] for which there is no private cause of action." Rosado v. City of Coatesville, Civ. A. No. 19-02426, 2020 WL 1508351, at *1 n.2 (E.D. Pa. Mar. 30, 2020) (citing Carpenter v. Ashby, 351 F. App'x 684, 688 (3d Cir. 2009)).

The Complaint's Prayer for Relief references both a "declaratory judgment that the Defendants violated Plaintiff[']s First Amendment" and a "declaratory judgment that the Defendants violated Plaintiff[']s Fourth Amendment right to be free from unreasonable seizure and malicious prosecution." (Compl. at 4.)  Because the reference to the First Amendment is the only reference to the First Amendment in the Complaint, and there are no factual allegations that suggest a First Amendment claim, we conclude that the reference to the First Amendment was in error and that Plaintiff is not attempting to bring a claim for violation of his First Amendment rights.

3

Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011)). Legal conclusions, however, receive no deference, as the Court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" Wood v. Moss, 572 U.S. 744, 755 n.5 (2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

  A plaintiff's pleading obligation is to set forth "'a short and plain statement of the claim,'" Fed. R. Civ. P. 8(a)(2), which gives the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). The complaint must contain "'sufficient factual matter to show that the claim is facially plausible,' thus enabling 'the court to draw the reasonable inference that the defendant is liable for [the] misconduct alleged.'" Warren Gen. Hosp., 643 F.3d at 84 (quoting Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

  When we review pro se pleadings in the context of a Motion to Dismiss, we liberally construe the allegations of the complaint and hold them "to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976); Fed. R. Civ. P. 8(f)). We also "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003) (citation omitted). Nevertheless, even a pro se complaint "must contain at least a modicum of factual specificity, identifying the particular conduct of the defendant that is alleged to have harmed the plaintiff, so that the court can determine that the complaint is not frivolous and a defendant has adequate notice to frame an answer." Lawrence v. Mental-

Health Doctor, Civ. A. No. 12-642, 2013 WL 1285461, at *2 (E.D. Pa. Mar. 28, 2013) (citation omitted). In the end, the Court should grant a motion to dismiss brought pursuant to Rule 12(b)(6) if the factual allegations in the complaint are not sufficient "'to raise a right to relief above the speculative level.'" W. Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank, 712 F.3d 165, 169 (3d Cir. 2013) (quoting Twombly, 550 U.S. at 555) (additional citation omitted).

**III. DISCUSSION**

Defendants argue in their Motion the following: (1) Plaintiff's claims against the Upper Merion Police should be dismissed because police departments cannot be sued in Section 1983 actions; (2) Plaintiff's Section 1983 claims against Officer Leis for false arrest and false imprisonment should be dismissed because the Complaint does not plausibly allege that Officer Leis intentionally caused Plaintiff's arrest; and (3) Plaintiff's Section 1983 claim against Officer Leis for malicious prosecution against Officer Leis should be dismissed because the Complaint fails to allege that Officer Leis acted maliciously or for a reason contrary to the aims of justice.[3]

Section 1983 provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "Section 1983 provides remedies for deprivations of rights established in the Constitution or federal laws. It does not, by its own terms, create substantive rights." Kaucher v.

---

[3] Defendants also argue that we should dismiss Plaintiff's request for relief in the form of a declaratory judgment because "[d]eclaratory judgments are not meant simply to proclaim that one party is liable to another." Andela v. Admin. Office of U.S. Courts, 569 F. App'x 80, 83 (3d Cir. 2014) (citation omitted)). However, we need not address the propriety of the relief that Plaintiff requests at this time because we are dismissing all of Plaintiff's substantive claims.

Cty. of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) (footnote omitted) (citing Baker v. McCollan, 443 U.S. 137, 145 n.3 (1979)).  Consequently, in order to obtain relief pursuant to Section 1983, "a plaintiff must demonstrate [that] the defendant, acting under color of state law, deprived him or her of a right secured by the Constitution or the laws of the United States."  Id. (citing Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

> A.  Claims against the Upper Merion Township Police

Defendants argue that we should dismiss the Section 1983 claims against the Upper Merion Township Police for false arrest, false imprisonment, and malicious prosecution because police departments cannot be sued in Section 1983 actions.  In fact, while Section 1983 actions may be brought against a municipality, such actions may not be brought against a municipal police department because a police department is not a separate, independent entity.  See DeBellis v. Kulp, 166 F. Supp. 2d 255, 264 (E.D. Pa. 2001) (citations omitted).  Rather, a police department is "'merely an administrative arm of the local municipality.'"  Padilla v. Twp. of Cherry Hill, 110 F. App'x 272, 278 (3d Cir. 2004) (quoting DeBellis, 166 F. Supp. 2d at 264).  We therefore conclude that a Section 1983 action cannot be maintained against the Upper Merion Township Police, as it is an administrative arm of the Township of Upper Merion, not a separate legal entity.  Accordingly, we grant Defendants' Motion to Dismiss insofar as it seeks to dismiss Plaintiff's Section 1983 claims against the Upper Merion Township Police.[4]

---

[4] Defendants argue that to the extent Plaintiff may have intended to bring his Section 1983 claims against the municipality of Upper Merion Township under a theory of respondeat superior, his claims would also fail because a municipality may not be found liable in a Section 1983 action under a respondeat superior theory.  See Hill v. Borough of Kutztown, 455 F.3d 225, 245 (3d Cir. 2006) ("A municipality may not be held liable under § 1983 for the constitutional torts of its employees by virtue of *respondeat superior*.  Rather, a municipality may be held liable for the conduct of an individual employee or officer only when that conduct implements an official policy

B. <u>Claims against Officer Blaine Leis</u>

Defendants argue that we should dismiss the Section 1983 claims against Officer Leis in his individual capacity for false arrest, false imprisonment, and malicious prosecution because they fail to state a claim upon which relief can be granted insofar as the Complaint does not allege essential elements of those claims.[5]

1. *False Arrest and False Imprisonment*

"'False arrest and false imprisonment are nearly identical claims that are generally analyzed together.'" <u>Lawson v. Pennsylvania SPCA</u>, 124 F. Supp. 3d 394, 405 (E.D. Pa. 2015)

---

or practice." (citing <u>Monell v. Dep't of Soc. Servs. of City of New York</u>, 436 U.S. 658, 690 (1978)) (additional citation omitted)). As noted above, <u>see</u> supra n.1, we do not interpret Plaintiff's Complaint as bringing a claim against Upper Merion Township. We nevertheless agree that any claim against a township such as Upper Merion must be based on plausible factual allegations that the alleged constitutional violation was executed pursuant to a policy, regulation, or decision that the governing body either officially adopted or informally adopted by custom. <u>Monell</u>, 436 U.S. 658, 690-91, 694. There are no such allegations in Plaintiff's Complaint.

[5] Defendants also argue that we should dismiss the Section 1983 claims against Officer Leis because he is entitled to qualified immunity. "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" <u>Kelly v. Borough of Carlisle</u>, 622 F.3d 248, 253 (3d Cir. 2010) (quoting <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982)). In determining whether a law enforcement officer is entitled to qualified immunity, we consider "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." <u>Id.</u> (quotation omitted). Defendants argue that the Complaint's factual allegations do not support a conclusion that a reasonable officer in Officer Leis's position would have known that his conduct was unlawful. Specifically, they argue that we should dismiss Plaintiff's claims against Officer Leis because the Complaint does not allege facts that would allow us to conclude that "a reasonable officer in Officer Leis'[s] position would have known that the criminal charges against Plaintiff were erroneous," by alleging, for example, that Officer Leis was aware, or could have ascertained, that the individual he initially arrested was impersonating Plaintiff. (Def's Mem. at 9.) While we need not reach this argument because we dismiss the claims against Officer Leis on other grounds, we note that, as a general rule, plaintiffs have no obligation to plead facts that would enable the court to engage in a fact-specific qualified immunity analysis because the burden of pleading qualified immunity, which is an affirmative defense, rests with the defendant, not the plaintiff. See <u>Thomas v. Indep. Twp.</u>, 463 F.3d 285, 291-93 (3d Cir. 2006).

7

(quoting Karkut v. Target Corp., 453 F. Supp. 2d 874, 879 (E.D. Pa. 2006). A "false arrest is one made without probable cause." Id. (quotation omitted). Similarly, "[t]he elements of false imprisonment are (1) the detention of another person, and (2) the unlawfulness of such detention, where such detention is unlawful if it is the consequence of a false arrest." Id. (quotation omitted). To support a claim for false arrest and false imprisonment grounded in the Fourth Amendment right to be free from unreasonable seizure, a complaint must plausibly allege that a government official "intentionally caused [the plaintiff's] arrest." Berg v. Cty. of Allegheny, 219 F.3d 261, 274 (3d Cir. 2000); see also Noone v. City of Ocean City, 60 F. App'x 904, 908 (3d Cir. 2003) (concluding that the defendant did not violate the plaintiff's Fourth Amendment rights because the plaintiff failed to present evidence that the defendant "intentionally caused the arrest of plaintiff" (internal quotation omitted)).

Here, Defendants argue that the Complaint fails to plausibly allege that Officer Leis intentionally caused Plaintiff's arrest. Indeed, the Complaint alleges only that Officer Leis failed to properly identify a criminal suspect in his custody, who apparently impersonated Plaintiff rather than providing his own identity. (See Compl. ¶¶ a, 15.) It contains no factual allegations concerning Officer Leis's conduct following the initial arrest and improper identification of that impersonator, much less facts that can give rise to a reasonable inference that Officer Leis was involved in the issuance or execution of Plaintiff's arrest warrant or that Officer Leis otherwise intended to cause Plaintiff's arrest.[6] We therefore conclude that the Complaint fails to allege an essential element of a false arrest or false imprisonment claim. See Noone, 60 F. App'x at 908 (holding that the defendant police officer was not liable on a Section 1983 Fourth Amendment

---

[6] The Complaint alleges that the sheriff's officers executed the warrant against Plaintiff "on the behest of Officer Blaine Leis," but does not allege any facts to support that wholly conclusory allegation of Officer Leis's involvement. (Compl. ¶ 5.)

claim where the defendant included incorrect identifying information on a court summons, which led to the plaintiff being erroneously arrested for a failure to appear, explaining that there was no evidence to implicate the defendant in the municipal court's decision to issue a warrant for failure to appear). Accordingly, we further conclude that the Complaint fails to state a false arrest or false imprisonment claim against Officer Leis upon which relief can be granted, and we grant Defendants' Motion to Dismiss insofar as it seeks to dismiss those claims.

    2.  *Malicious Prosecution*

Defendants also argue that we should dismiss the malicious prosecution claim against Officer Leis, which is based on allegations that Officer Leis's arrest of the individual who was impersonating Plaintiff somehow "initiated criminal charges against [Plaintiff] without probable cause." (Compl. ¶ 15.) To state a Fourth Amendment claim for malicious prosecution pursuant to Section 1983, a complaint must allege that:

> (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in [the plaintiff's] favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

Johnson v. Knorr, 477 F.3d 75, 81-82 (3d Cir. 2007) (citing Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003). Defendants argue that the Complaint fails to state a claim for malicious prosecution because the Complaint alleges no facts that would support a reasonable inference that Officer Leis acted maliciously or for a purpose other than bringing Plaintiff to justice.

The Complaint alleges that Officer Leis arrested a suspect who impersonated Plaintiff, and that he failed to realize that the suspect was not Plaintiff. (Compl. ¶¶ a, 15.) It characterizes Officer Leis's conduct in this regard as "careless[]," rather than either malicious or for an improper purpose. (Id. ¶ 17.) Moreover, the Complaint does not allege any additional facts that give rise to

a reasonable inference that he maliciously intended to deprive Plaintiff of his liberty or acted for a reason other than trying to bring the impersonator to justice. See, e.g., L. v. Boyertown Area Sch. Dist., 2009 WL 466386, at *4 (E.D. Pa. Feb. 24, 2009) ("Plaintiffs' malicious prosecution claim pursuant to Section 1983 . . . fail[s] because Plaintiffs have failed to allege facts showing that the Moving Defendants initiated a criminal proceeding or that Defendants acted maliciously or for a purpose other than to bring Plaintiff B.L. to justice."). We therefore conclude that the Complaint fails to state a claim for malicious prosecution upon which relief can be granted. Accordingly, we grant Defendants' Motion to Dismiss insofar as it seeks to dismiss Plaintiff's Section 1983 claim for malicious prosecution against Officer Leis.

### IV.   CONCLUSION

"[I]n civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007); see also Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) ("[I]f a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile." (citing Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002))). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." Alston, 363 F.3d at 235 (citation omitted). "Futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted." Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (internal quotation omitted) (citing In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997)).

We conclude that Plaintiff's Section 1983 claims against the Upper Merion Township Police for false arrest, false imprisonment, and malicious prosecution are futile because, as

explained above, police departments cannot be sued in Section 1983 actions. We are not convinced, however, that Plaintiff cannot plead any facts that could support a cognizable Section 1983 claim against Officer Leis for false arrest, false imprisonment, or malicious prosecution. We therefore dismiss the Complaint in its entirety, but we grant Plaintiff leave to file an amended complaint against Officer Leis provided that he can cure the pleading deficiencies that we have identified in this Memorandum.

      An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova
John R. Padova, J.